UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

IN RE:                                   )
WINDHAM MILLS DEVELOPMENT                )
CORPORATION                              )
d.b.a.                                   )
WINDHAM MILLS TECHNOLOGY                 )
CENTER                                   )        Chapter 11
                                         )
        Debtor                           )        Case No. 04-23619
_____)

APPEARANCES:

Irve J Goldman, Esq.
Pullman & Comley, LLC, 850 Main Street, PO Box 7006, Bridgeport, CT 06601
Counsel for Movant State of Connecticut Dept. of Economic and Community Development

Raymond R. Pring, Jr., Esq. and James L. Young, Jr., Esq.
Andrews, Young & Geraghty, PC, 216 Broad Street, P.O. Box 751, New London, CT 06320
Counsel for Objector HFAH Asylum LLC

## RULING PURSUANT TO FED. R. CIV. P. 60(b)(5)

KRECHEVSKY, U.S.B.J.

I.

The matter before the court is the motion of the State of Connecticut, Department of Economic and Community Development ("the DECD") filed pursuant to Fed. R. Civ. P. 60(b)(5) in order to vacate the Court's September 29, 2005 order ("the 506 Order") determining the value of collateral and the secured status of claims.

II.

### BACKGROUND

Windham Mills Development Corporation ("the debtor"), on December 15, 2004 filed a voluntary Chapter 11 petition. The debtor was the owner of real property consisting

of several mill buildings and acreage located at 322 Main Street, Willimantic, Connecticut ("the property" or "the collateral"). HFAH Asylum LLC ("HFAH") filed proofs of claim asserting first priority liens on the property of approximately $6,836,000. HFAH, on February 25, 2005, filed a motion for relief from the automatic stay to proceed with the foreclosure action it had commenced against the debtor in state court or, in the alternative, for adequate protection ("the stay motion"). HFAH, on the record, on May 12, 2005, withdrew the stay motion without prejudice to reclaim it at some future time, if necessary. (5/12/2005 Hearing Record at 10:25:32 a.m.)

HFAH and the debtor jointly filed a proposed plan of reorganization on August 11, 2005, and an amended plan ("the plan") on August 31, 2005, under which HFAH was to purchase the property. The DECD filed an objection to the plan. On September 28, 2005, one day prior to the hearing on plan confirmation and DECD's objection thereto, HFAH and the debtor filed a motion under Bankruptcy Code §506 to value the collateral at $4,680,000 as of September 29, 2005 and to determine secured status of claims ("the §506 motion") "for purposes of confirmation of the Joint Plan and the pending Relief From Stay Motion." (§506 Motion ¶19.) The §506 motion was set for an expedited hearing at the same time as the plan confirmation hearing on September 29, 2005. At the confirmation hearing, the parties informed the Court that they had reached an agreement resolving DECD's objection to the plan by including a provision that HFAH would obtain a $4,000,000 financing commitment within 30 days. The additional plan provision §11.3 provided: "In the event HFAH fails to obtain such Commitment, the DECD [may] file a notice of the failure ..., whereupon [following a five-day cure period] the Plan shall be deemed null and void." The Court entered an order ("the §506 order") granting the §506 motion without objection and, on

2

October 18, 2005, an order ("the confirmation order") confirming the plan.

HFAH failed to obtain the required financing commitment. DECD filed the notices provided for in the plan and a motion for appointment of a Chapter 11 trustee. The Court, on June 25, 2007, entered an order declaring the plan null and void and directing the appointment of a trustee. DECD, on September 14, 2007, filed the present motion seeking to vacate the §506 order. The Court held a hearing on the motion on October 25, 2007 at which time HFAH indicated it intended to pursue the stay motion it had withdrawn two years earlier. The parties have since filed post-hearing memoranda of law in support of their positions.

DECD asks the Court to vacate the §506 order pursuant to Fed. R. Civ. P. 60(b), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 9024, primarily on the grounds that "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5). HFAH argues primarily that the §506 order, determining the value of the collateral to be $4,680,000 as of September 29, 2005, clearly stated that the value of secured claims was determined "for purposes of confirmation of the [plan] and the pending Relief from Stay Motion" and that DECD has not proven exceptional circumstances to warrant vacating the §506 order.

III.

DISCUSSION

Fed. R. Civ. P. 60(b) provides, in relevant part:

(b) <u>Grounds for Relief from a Final Judgment, Order, or Proceeding.</u> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
. . .
(5)    the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it

3

      prospectively is no longer equitable; or
(6)  any other reason that justifies relief.

A §506 motion may be set aside pursuant to Fed. R. Civ. P. 60(b) where circumstances occurring after entry of the §506 order and prior to the hearing on the matter as to which such order was applicable would make it inequitable. See In re Stanley, 185 B.R. 417, 430 (Bankr. D.Conn. 1995).

  Bankruptcy Code §506(a) states, in relevant part:

> (a) An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

"The second sentence of §506(a) .... indicates that property may valued at different times for different purposes.... A §506(a) valuation hearing may be held at any time during the pendency of a case.... The purpose of the valuation dictates its timing." In re Stanley, 185 B.R. at 423. Fed. R. Bankr. P. 3012 provides that: "The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct."

  HFAH and the debtor filed a §506 motion on September 28, 2005. The Court granted their request for an expedited hearing to be held at the same time as the hearing on the plan confirmation and DECD's objection to the plan. The values which the §506 motion sought to have determined were those upon which the plan was based. With all objections to the plan resolved, the §506 motion was granted without objection.

4

The plan, having subsequently been declared null and void, HFAH now seeks to have the values set forth in the §506 order applied to its renewed motion for relief from stay, or, in the alternative, for adequate protection. DECD contends that using such values would be inequitable. DECD contends that, for relief from stay motions, the appropriate date for valuation of the collateral is that of the hearing on the stay motion. See In re Deep River Warehouse, Inc., 2005 WL 1287987, 8 (Bankr. M.D.N.C. 2005); In re 499 Warren Street Associates, L.P., 151 B.R. 307, 313 (Bankr. N.D N.Y. 1992). The Court agrees with the cases cited by DECD. The value of the collateral relevant to a court's consideration of whether to grant relief from stay is its value as of such date, not its value several years earlier. Accordingly, although the values set forth in the §506 order were adopted at that time for purposes of plan confirmation and/or relief from stay purposes, the property value relevant to the Court's consideration, in 2008, of whether HFAH's interest lacks adequate protection or whether the debtor has any equity must be timely determined.

HFAH contends that, for adequate protection purposes, the date for valuation of the collateral should be the date on which it originally filed its stay motion, citing In re Waverly Textile Processing, Inc., 214 B.R. 476, 479 (Bankr. E.D.Va. 1997). HFAH's reliance on Waverly and the cases cited therein is misplaced. First, the Waverly court held that an undersecured creditor is entitled to adequate protection only prospectively from the date such protection is sought and not retroactively from the petition date; thus, the court held that the collateral was to be valued as of the motion date, rather than the petition date. In re Waverly, 214 B.R. at 479. In addition, there was no indication in Waverly of any significant lapse of time or change in circumstances between the date the adequate protection motions were filed and the dates of the hearings thereon; in the present proceeding, more than two years have

5

elapsed between the date of the §506 order and the date on which HFAH seeks to apply the values therein. One of the opinions relied on in Waverly held that motions for adequate protection should be based upon multiple valuations:

> For adequate protection purposes, the initial valuation should be measured at the time of the motion for relief or motion for adequate protection. This valuation should be compared to a subsequent valuation or other evidence ... to determine if there has been a decline in value. Based upon these results, the Court will be able to determine if the claimholder's interest is indeed declining in value and therefore entitled to adequate protection.

In re Cason, 190 B.R. 917, 931 (Bankr. N.D.Ala. 1995).

HFAH argues that the §506 order clearly stated that it was "for purposes of confirmation of the [plan] and the pending Relief from Stay Motion." (§506 Order at 1(emphasis added)). Where, as in the present proceeding, a secured creditor filed a motion for stay relief or adequate protection early in the case, but subsequently withdrew that motion without prejudice to reclaim it at some future time, such motion did not remain "pending" throughout. HFAH voluntarily withdrew its stay motion and proceeded to propose a plan jointly with the debtor. In any event, because the disposition of the property and treatment of HFAH's claims were matters dealt with in the plan, confirmation of the plan would have mooted the stay motion even if it had remained "pending" at that time. As a result, the valuation in the §506 order has no prospective applicability to HFAH's revived stay motion. Applying the reasoning relied on by HFAH to the unusual circumstances of the present case, the Court concludes that the appropriate valuation date for adequate protection purposes would be the date HFAH revived the stay motion, not the date it originally filed it.[1] See also

---

[1] In the absence of a significant delay between the date the stay motion was revived and the date on which it is heard, there may be little practical difference between the appropriate valuation dates for adequate protection or stay relief purposes.

6

In re Chateaugay Corp., 880 F.2d 1509, 1513 (2d Cir. 1989) ("Reconsideration of [a relief from stay motion] in one year is actually consideration of a new motion, which will be decided in light of different circumstances, and the consequences for the parties may be completely different at that time than they would have been had relief been granted at the time the original motion was made.").

DECD alleges that the value of the property has likely increased since entry of the §506 order, noting that the debtor recently listed the property with a realtor for $10,000,000. HFAH, on the other hand, asserts, in its stay motion that it lacks "adequate protection for the continued diminishment of HFAH's collateral value." (Stay Mot. ¶34.) Neither party contends that the property value has remained at the same level it was on September 29, 2005. Thus, the Court concludes that the motion be granted since, under the circumstances here presented, "applying [the §506 order] prospectively is no longer equitable." See Fed. R. Civ. P. 60(b)(5).

## IV.

## CONCLUSION

In accordance with the forgoing discussion, the Court concludes that the motion be granted and the §506 order be vacated. An order will so enter.

Dated at Hartford, Connecticut this 8 day of April, 2008.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE

7

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: )<br>WINDHAM MILLS DEVELOPMENT )<br>CORPORATION )<br>d.b.a. )<br>WINDHAM MILLS TECHNOLOGY )<br>CENTER )<br>)<br>Debtor )<br>_____) | Chapter  11<br><br>Case No.  04-23619 |

ORDER PURSUANT TO FED. R. CIV. P. 60(b)(5)

The motion of the State of Connecticut Dept. of Economic and Community Development pursuant to Fed. R. Civ. P. 60(b)(5) to vacate the Court's September 29, 2005 order ("the 506 Order") determining the value of collateral and the secured status of claims, having been heard, after due notice, and the Court having issued its ruling of even date, it is

ORDERED AND ADJUDGED that the § 506 Order is hereby vacated.

Dated at Hartford, Connecticut this  8  day of April, 2008.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE